IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CASE NO.: 7:18-CR-45-1 |
| | : | |
| LAWRENCE LEE WILLIAMS | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

**ORDER**

On July 20, 2022, the Court held a final hearing on the Government's Petition to revoke Defendant Lawrence Lee Williams's supervised release (hereinafter "Petition"), filed on January 20, 2021. (Doc. 38.) The Petition was Amended and reissued on June 30, 2022. (Doc. 55.) In addition, an Amendment to the Revocation Report was filed on July 13, 2022. (Doc. 56.)

Defendant Williams originally pled guilty to being a Felon in Possession of a Firearm. (Doc. 25.) Williams was sentenced on April 4, 2019, to thirty-four (34) months imprisonment, to be followed by three (3) years supervised release. (Doc. 35.) Defendant was released from custody and began his period of supervised release on January 14, 2021.

At the final revocation hearing on July 20, 2022, Williams' Counsel acknowledged that Williams had been provided with a copy of the Petition for revocation and that he had reviewed it. The Court advised Williams of his rights to a hearing on the allegations, in which the Government would be required to prove the allegations by a preponderance of the evidence; to present evidence in his defense; and to testify (Williams was also advised that he was not required to testify or present a defense)—all of which Williams acknowledged he understood. The Court also confirmed from Williams that he had received the Amended Petition (Doc. 55) and Amended Revocation Report (Doc. 56) and reviewed them. Neither the Government nor the Defendant had objections to the Presentence Report. Williams stated he had spoken to his counsel about the Petition and did not wish to have a hearing on, but

1

wished to stipulate to, the Petition. The Petition contained five violations. Williams admitted to all allegations included within the Amended Petition and stated that he had not been coerced into doing so.

Accordingly, the Court found that Williams freely, knowingly, and voluntarily stipulated to the alleged violations of supervised release for the purposes of the revocation hearing outlined at Violation Numbers 1-5 of the Government's Petition. As such, the Court found that Williams had committed the alleged violations by a preponderance of the evidence and that Williams did violate the conditions of his supervised release.

The Court heard from the Government, defense counsel, and Defendant Williams, and then declared Williams's supervised release revoked.[1] The Court took into consideration Williams' U.S. Sentencing Guidelines range of 5 to 11 months, which was based on Defendant's Grade C violation. Based on the totality of circumstances in this case and the factors found at 18 U.S.C. §§ 3553(a) and 3583(e), the Court sentenced Williams to six (6) months imprisonment, with credit for the five (5) months he has already served in the custody of the United States Marshals Service, to be followed by a two (2) year term of supervised release. The Court found this sentence appropriate to reflect the seriousness of Williams's conduct, promote respect for the law, provide adequate deterrence of criminal conduct, and to protect the public.

For the aforementioned reasons, the Government's Petition (Doc. 55) is **GRANTED**, and Defendant's term of supervised release is hereby **REVOKED**. Accordingly, Defendant Lawrence Lee Williams is sentenced to six (6) months of imprisonment with two (2) years supervised release to follow.

**SO ORDERED**, this 22nd day of July, 2022.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] "Due process requires that the court state 'the evidence relied on and reasons for revoking [supervised release.'" *United States v. Dees*, 452 Fed. App'x 929, 931 (11th Cir. 2012 (quoting United States v. Copeland, 20 F.3d 412, 414 (11th Cir. 1994)). "'This requirement is satisfied when the record is 'sufficiently complete to advise the parties and the reviewing court of the reasons for the revocation of supervised release and the evidence the decision maker relied upon.'" *Id.* (citations omitted).