IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | |
| : | |
| LAWRENCE LEE WILLIAMS, : | CASE NO: 7:18-cr-45-01 (WLS) |
| : | |
| Defendant. : | |
| _____ : | |

## ORDER

On May 22, 2024, the Court held a final hearing on the Government's Petition to revoke Defendant Lawrence Lee Williams' supervised release, filed on December 14, 2022 (Doc. 61), as amended on January 18, 2024 (Doc. 65, together with Doc. 61, "the Petition").

On September 11, 2018, an Indictment was filed against Defendant, Lawrence Lee Williams, charging him with one count of possession of a firearm by a convicted felon. Defendant changed his plea to guilty and on April 4, 2019, Defendant was sentenced to a 34-month term of imprisonment followed by supervised release for a term of 3 years. Judgment on the sentence was entered on April 8, 2019 (Doc. 35). Defendant's initial term of supervised release started on January 14, 2021. However, effective July 20, 2022, his release was revoked for failing to comply with several conditions of release[1] and he was sentenced to six months imprisonment, followed by two years of supervised release (Doc. 60).

Defendant's second term of supervised release started August 19, 2022. At the final revocation hearing on May 22, 2024, Defendant acknowledged that he had been served with the Petition for revocation and that he had reviewed it. The Court advised Defendant of his rights to a hearing on the allegations. At such hearing, the Government would be required to prove the allegations by a preponderance of the evidence; Defendant would be permitted to present evidence in his defense; and Defendant would have the right to testify in his defense if he wanted to do so. Defendant was also advised that he was *not required* to testify or present

---

[1] Including, failing to participate in substance abuse and mental health treatment programs, failing to refrain from violations of the law, failure to obtain approving before moving to a new residence.

a defense at such hearing. Defendant acknowledged he understood his rights. The Court also confirmed that Defendant had received the Revocation Report (Doc. 74), reviewed it, and had no objections to it. The Petition contains five violations. The Court reviewed each alleged violation with Defendant, after which Defendant confirmed that he was not being coerced into waiving his rights and that he wished to admit to the allegations in the Petition.

The Court found that Defendant freely, knowingly, and voluntarily stipulated to the alleged violation of supervised release for purposes of the revocation hearing outlined at Violation Numbers 1 through 5 of the Government's Petition (Docs. 61 and 65). As such, the Court found that Defendant had committed the alleged violations by a preponderance of the evidence and that Defendant violated the conditions of his supervised release.

The Court heard from the Government, defense counsel, and Defendant, and then ordered Defendant's supervised release revoked.[2] The Court took into consideration Defendant's U.S. Sentencing Guidelines range of 18 months, which is based on Defendant's original criminal history Category of III and Grade A violation. Based on the totality of the circumstances of this case and the factors found at 18 U.S.C. §§ 3553(a) and 3583(e), the Court sentenced Defendant to an eighteen-month term of imprisonment, to be served consecutively to the state sentences of imprisonment Defendant is currently serving, with no additional supervised release to follow. The Court found this sentence appropriate to reflect the seriousness of Defendant's conduct, promote respect for the law, provide adequate deterrence of criminal conduct, and protect the public.

For the afore-mentioned reasons, the Government's Petition, as amended (Docs. 61 and 65) is **GRANTED**, and Defendant's term of supervised release is hereby **REVOKED**. Accordingly, Defendant Lawrence Lee Williams is sentenced to an eighteen-month term of imprisonment, to be served consecutively to the state sentences of imprisonment Defendant

---

[2] "Due process requires that the court state 'the evidence relied on and reasons for revoking [supervised release].' This requirement is satisfied when the record is 'sufficiently complete to advise the parties and the reviewing court of the reasons for the revocation of supervised release and the evidence the decision maker relied upon.'" *United States v. Dees*, 452 F. App'x 929, 931 (11th Cir. 2012) (alteration in original) (quoting *United States v. Copeland*, 20 F.3d 412, 414 (11th Cir. 1994)).

is currently serving, that is, Superior Court of Lowndes County, Georgia, Docket Nos. 2023cr23 and 2023cr24, with no additional supervised release to follow.

**SO ORDERED**, this 29th day of May 2024.

                                      **/s/ W. Louis Sands**
                                      **W. LOUIS SANDS, SR. JUDGE**
                                      **UNITED STATES DISTRICT COURT**